MARYMAN (REILLY v.). See Case No. 11,-672.

## Case No. 9,222.

### The MARY MERRITT.

[2 Biss. 381.] [1]

Circuit Court, E. D. Wisconsin. Oct., 1870. [2]

FORFEITURE—SHIPPING—STATUTE—PROVISO—FOREIGN VESSEL.

1. If an information sets forth a proper cause of forfeiture within the main part of a statute, the fact that it does not allege that the case is not within the proviso. under which there was an exemption from forfeiture, does not prevent the operation of the statute.

2. If the claimant relies upon the exemption under the proviso, he must allege it. That is matter of defense to be set up by him.

3. A barque built in Canada and owned in the United States is not a vessel of the United States; nor is it a foreign vessel of the character described in the first section of the act of March 1, 1817 [3 Stat. 351].

[Appeal from the district court of the United States for the Eastern district of Wisconsin.]

Libel for forfeiture, under the act of March 1st, 1817, against the barque for the reason that there was imported in her into this district, in 1868 and 1869, from Canada, a quantity of goods, wares, and merchandise, the product of Canada, the barque being foreign-built, and at the time of importation, wholly owned by citizens of the United States. The case was disposed of by the district court upon an exception allowed to the libel that it did not set out that either Canada or Great Britain has adopted a regulation similar to that contained in this act of congress. The court below sustained the exception and dismissed the libel. [Case No. 15,733.] The only question was, whether this ruling was correct.

The first section of the statute is as follows: "After the thirtieth day of September, next, no goods, wares, or merchandise, shall be imported into the United States from any

---

[1] [Reported by Samuel H. Blatchford, Esq.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
[2] [Reversing Case No. 15,733. Decree of circuit court affirmed in 17 Wall. (84 U. S.) 582.]

foreign port or place, except in vessels of the United States, or in such foreign vessels as truly and wholly belong to the citizens or subjects of that country, of which the goods are the growth, production, or manufacture; or from which such goods, wares, or merchandise, can only be, or most usually are, first shipped for transportation: Provided nevertheless, that this regulation shall not extend to the vessels of any foreign nation which has not adopted, and which shall not adopt a similar regulation."

Levi Hubbell, U. S. Dist. Atty.

Norman J. Emmons, for respondent.

DRUMMOND, Circuit Judge. It is clear that if the information sets forth a proper cause of forfeiture, within the main or principal part of the statute, the fact that it does not allege that the case is not within the proviso will not prevent the operation of the statute. That is a matter of defense to be set up by the claimant. If he relies upon the proviso as exempting him from the operation of the main cause of forfeiture set forth in the statute, he must allege it. The construction which I place upon this statute of 1817, is that it applies in either contingency to vessels of the United States, or of foreign nations having a national character. I do not understand that the barque Mary Merritt is a vessel of the United States. It was built in Canada, and is owned by citizens of the United States. It is a settled rule that in all cases in order to give vessels a national character as vessels of the United States, and entitle them to registry, they must be built in this country. Some question has been made whether the barque Mary Merritt was not a British vessel, and various acts of parliament have been cited upon that point; but so far as I can understand the application of these various laws to this case, it cannot be considered the vessel of any foreign nation, built as it was, in Canada, and owned here. It follows, therefore, from what has been said, that the exception made to the libel should have been overruled by the district court, and therefore, the order dismissing the libel will be reversed, and the defendant have leave to withdraw his exception and answer the libel.

NOTE. It is not necessary in a libel to anticipate and deny a matter of defense. The Aurora v. U. S., 7 Cranch [11 U. S.] 382. In this case, which was a libel of goods under the non-intercourse acts, objection was made to the libel on the ground that it did not negative the American property in the goods: but the court held that this would constitute ground of defense, and in no case would it be necessary to state such defense or exception.
[On appeal to the supreme court, the decree of the court forfeiting the vessel was affirmed. 17 Wall. (84 U. S.) 582.]